UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ANTHONY HARRIS,

        Petitioner,          Case No. 2:22-cv-126

v.         Hon. Hala Y. Jarbou

SARAH SCHROEDER,

        Respondent.
_____/

## ORDER

Petitioner Anthony Harris is a state prisoner seeking habeas relief under 28 U.S.C. § 2254. This matter is before the Court on Petitioner's motion to stay the proceedings pending exhaustion of a newly discovered ground for habeas relief. (ECF No. 6.)

Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Following a bench trial in the Washtenaw County Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b, four counts of second-degree criminal sexual conduct (CSC-II), in violation of Mich. Comp. Laws § 750.520c, and one count of accosting a child for immoral purposes, in violation of Mich. Comp. Laws § 750.145a. On January 22, 2018, the court sentenced Petitioner to concurrent prison terms of 25 to 45 years on each count of CSC-I, 10 to 15 years on each count of CSC-II, and 2 to 4 years for accosting a child for immoral purposes.[1]

---

[1] Petitioner has completed his sentence for accosting a child for immoral purposes. MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> Defendant is the father of two daughters, AH and BR, who accused him of multiple sexual assaults. AH was 9 years old at the time; BR was between 11 and 12 years old.
>
> * * *
>
> At trial, AH testified that defendant sexually assaulted her on three separate occasions. On all three occasions, according to AH, defendant called her to his room, asked her to put shorts on, and asked for a massage; defendant then touched and slightly penetrated her vagina digitally or forced her to touch his penis. On the third occasion, defendant also asked her to lick his penis, but she declined. BR testified that defendant sexually assaulted her in a similar manner on three occasions, asking for a massage and then touching her vagina or reaching under her shirt and bra to touch her breasts.
>
> Defendant testified at trial that he never asked AH or BR for massages and that he never touched them sexually, asserting that the girls had made false allegations because they did not like how he was treating their mother and did not want him around. He also testified that AH and BR had been reprimanded for watching pornography a few days before making these allegations and that they had made the false allegations to avoid getting into trouble.
>
> The trial court convicted defendant as stated.

*People v. Harris*, No. 346048, 2020 WL 359653, at *1 (Mich. Ct. App. Jan. 21. 2020) (footnote omitted).

Petitioner, with the assistance of counsel, directly appealed his convictions to the Michigan Court of Appeals raising two issues—the same issues he raises in his petition as habeas grounds I and II. The Michigan Court of Appeals denied relief by opinion issued January 21, 2020. Petitioner then filed a *pro per* application for leave to appeal to the Michigan Supreme Court, raising the

---

aspx?mdocNumber=456411 (last visited Mar. 23, 2023). He is no longer in custody for that conviction.

same issues he raised in the court of appeals as well as two new issues. By order entered June 30, 2020, the supreme court denied leave to appeal. *People v. Harris*, 944 N.W.2d 704 (Mich. 2020). Petitioner did not file a petition for certiorari in the United States Supreme Court. (Pet., ECF No. 1, PageID.2.)

On December 22, 2020, Petitioner filed a motion for relief from judgment in the trial court, raising two issues—the same issues he raises in his petition as habeas grounds III and IV. (Washtenaw Cnty. Cir. Ct. Register of Actions, ECF No. 1-1, PageID.250–56; Pet'r's Mot. for Relief from J., ECF No. 1-1, PageID.104–50.) The trial court denied Petitioner's motion by order entered June 30, 2021. (Washtenaw Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.198–202.) Petitioner filed a timely application for leave to appeal to the Michigan Court of Appeals, which was denied by order entered November 8, 2021. Petitioner failed to file a timely application for leave to appeal that decision in the Michigan Supreme Court. Petitioner reports that during the 56-day window, he tested positive for COVID-19. The Michigan Supreme Court refused to consider his request to toll the deadline.

On June 10, 2022, Petitioner filed his habeas corpus petition raising four grounds for relief, as follows:

I. Ineffective assistance of counsel [for] failing to seek forensic insi[ght] from an expert witness.

II. Ineffective assistance of counsel [for] failing to ensure that the defendant's jury waiver form was fully understood and voluntary.

III. Defendant was denied his due process right to a fair trial. Trial counsel rendered deficient performance by failing to (1) object to det[ective's] and prosecutor's reference to the complainants as victims (2) investigate and present medical records and other favorable evidence that could have benefited the defense . . . (3) adequately advise defendant as to the pros and

3

      cons of a plea vs. a trial causing the defendant to receive more than double the offered prison sentence.

IV.    Ineffective assistance of appellate counsel where appellate counsel bypassed significant and obvious issues that warranted reversal.

(Pet., ECF No. 1, PageID.5–10 (punctuation corrected).) The Court directed Respondent to answer the petition. On December 22, 2022, Respondent filed her answer and the state court record. The time for Petitioner to file a response to the answer has passed. The matter is now ripe for decision.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Based on the allegations in the petition and the state court record supplied by the Respondent, it appears that habeas grounds I and II have been fairly presented to all levels of the Michigan Court system and habeas grounds III and IV have not.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Failure to exhaust is only a barrier to relief, therefore, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust*, 17 F.3d at 160. If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.*

Under Michigan law effective August 1, 1995, a defendant may file one motion for relief from judgment under Michigan Court Rule 6.500 *et. seq*. *See* Mich. Ct. R. 6.502(G)(1). Petitioner already has filed his one allotted motion. He therefore has no available remedy. To consider Petitioner's habeas grounds III and IV, the court must determine whether there is cause and prejudice to excuse Petitioner's failure to present the claims in state court, but the failure to exhaust is not a barrier to relief. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Rust*, 17 F.3d at 160. Thus, with regard to all issues raised in the present petition, the requirement to exhaust state court remedies was satisfied.

But Petitioner now seeks to add the following new habeas ground:

V.   An Affidavit made by [a] witness who was present but not questioned about the alleged assault.

(Pet'r's Mot. to Stay, ECF No. 6, PageID.2351.)[2] Petitioner has not moved to amend his petition to include his new habeas ground. The Court will construe his present motion as a conditional

---

[2] Petitioner suggests that he may have other issues to bring before the state courts as well. (Pet'r's Mot. to Stay, ECF No. 6, PageID.2351 ("The issue[s] being brought forth before the state courts

request for leave to add the issue, conditioned on the Court's grant of his motion to stay. If Petitioner were granted leave to amend his petition to add habeas ground V, the petition would include some claims that are exhausted (or procedurally defaulted) and one that is not. Such a petition is a "mixed" petition.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, typically, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration

---

include but are not limited to [Petitioner's new habeas ground regarding the newly discovered evidence.]").)

of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 30, 2020. Petitioner did not petition for certiorari to the United States Supreme Court, though the period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). That period is typically 90 days. At the time the Michigan Supreme Court denied leave to appeal, however, the Supreme Court had extended the period to 150 days.[3] The 150-day period expired on November 27, 2020. Accordingly, absent tolling, Petitioner would have had one year, until November 27, 2021,[4] in which to file his habeas petition. Petitioner filed the instant petition on June 10, 2022.

But determining timeliness is not that simple. The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). Thus, for the period of time that Petitioner's request for collateral review was pending, the time did not count against him.

---

[3] *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

[4] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, __ F.4th __, 2023 WL 2552844, at *5 (6th Cir. Mar. 17, 2023).

7

Petitioner filed a request for collateral review on December 22, 2020. The running of the period of limitation was tolled until the request for collateral review was finally decided. In Petitioner's case, the period was tolled until January 3, 2022, when the time to file an application for leave to appeal the Michigan Court of Appeals denial of leave to appeal expired.[5] (Jan. 3, 2022, Correspondence, ECF No. 6-1, PageID.2357.)

Twenty-five days ran on the period of limitation from the date Petitioner's conviction became final to the date he filed his request for collateral review. The period was tolled by that request, but commenced running again after January 3, 2022. The period ran again for 178 days, until the instant petition was filed. On that date, 203 days had run, 162 days remained. Petitioner's first four habeas grounds, therefore, are timely.

Any new grounds, however, may not be timely. After the petition was filed, the period of limitation continued to run. It expired 162 days later on December 9, 2022. Measured by the date Petitioner's conviction became final—and taking into account the tolling from Petitioner's request for collateral review—Petitioner new habeas ground would be untimely.

But the date the petition became final is not the only possible date for the commencement of the one-year period of limitation. The habeas statute of limitations provision states:

---

[5] The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Lawrence*, 549 U.S. at 332. Moreover, Petitioner could not file a petition for writ of certiorari in the United States Supreme Court with regard to the denial of his motion for relief from judgment because the writ is not available to appeal the decision of an intermediate appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[6] Petitioner's claim based on his discovery of new evidence could be timely under § 2244(d)(1)(D) depending upon the date the factual predicate of the claim could have been discovered through the exercise of due diligence.

Whether or not the claim is timely, in turn, will influence the availability of a stay. The Supreme Court has held that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the

---

[6] The one-year statute of limitations became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).

petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claim in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78. To the extent Petitioner intends to raise other issues in his anticipated state court motion for relief from judgment, he should address the *Rhines* requirements with regard to those issues as well. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will deny Petitioner's stay and decide only the exhausted issues raised in the initial petition.

**IT IS ORDERED** that Petitioner must show cause within 28 days why he is entitled to a stay of these proceedings. If Petitioner fails to meet the requirements for a stay or fails to timely comply with the Court's order, the Court will review only the four claims raised in his initial petition.

Dated: March 29, 2023          /s/ Hala Y. Jarbou
                               HALA Y. JARBOU
                               CHIEF UNITED STATES DISTRICT JUDGE